UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
SHOSHANA MORGAN,

                        Plaintiff,

        -against-

CITY OF NEW YORK; POLICE OFFICER ALEX GUESS (Shield No. 18309), and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
-------------------------------------------------------------------- X

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.  Plaintiff demands a trial by jury in this action.

7.  This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## PARTIES

8.  Plaintiff Shoshana Morgan ("plaintiff" or "Ms. Morgan") is a resident of Kings County in the City and State of New York.

9.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant defendant Alex Guess, Shield No. 18309, was a police officer, acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant Guess is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On or about January 12, 2013, at approximately 11:40 p.m., plaintiff was lawfully within the vicinity of Livonia and Rockaway Avenues in Brooklyn, New York.

15. Plaintiff was with her friend, Alicia White.

16. Alicia had been drinking that night, but plaintiff had not.

17. Several New York City police officers, including defendant Guess, ran up to plaintiff and Alicia.

18. Without provocation, the officers pushed plaintiff to a car.

19. The officers, including defendant Guess, threatened to mace plaintiff, and then placed her in handcuffs.

20. Despite the fact that they had no probable cause to believe that she had committed any crimes or offenses, the officers, including defendant Guess, placed plaintiff under arrest.

21. The defendants, including defendant Guess, placed the handcuffs on

plaintiff excessively tightly, causing her to experience great pain.

22. Plaintiff asked the officers to loosen the handcuffs but they refused.

23. The defendants transported plaintiff to the police precinct.

24. At the precinct the defendants, including defendant Guess, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff engage in disorderly conduct.

25. At no point did defendants observe plaintiff commit any crimes or offenses.

26. Defendants fabricated these statements and prepared these documents in an effort to cover-up their unlawful use of excessive force and arrest of plaintiff.

27. From the precinct plaintiff was transported to Brooklyn Central Bookings and later arraigned in Kings County Criminal Court.

28. Plaintiff's criminal charges were subsequently adjourned in contemplation of dismissal.

29. After approximately twenty-four hours in custody, plaintiff was released.

30. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

31. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

32. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

33. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

34. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

35. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

42. Plaintiff was conscious of her confinement.

43. Plaintiff did not consent to her confinement.

44. Plaintiff's confinement was not otherwise privileged.

45. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

47. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

48. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Ms. Morales.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

52. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

53. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Negligent Hiring/Training/Retention

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

56. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

57. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

58. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

63. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Malicious Abuse Of Process

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. The individual defendants issued legal process to place Plaintiff under arrest.

66. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of her.

67. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
## Denial Of Constitutional Right To Fair Trial

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. The individual defendants created false evidence against Plaintiff.

71. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

72. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   March 25, 2013
         New York, New York

_____
Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*